IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RANDY IRELAND, et. al., | CASE NO. 5:12-cv-02991 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| CENTRALBANC MORTGAGE CORPORATION, et. al., | [Docket Item No(s). 11, 22] |
| Defendant(s). | |

Presently before the court are two matters. This first is a Motion to Remand this action to the superior court from which it originated filed by Plaintiffs Randy Ireland and Sue Ireland (collectively, "Plaintiffs"). See Docket Item No. 11. The second is a Motion to Dismiss the First Amended Complaint ("FAC") filed by Defendants Wells Fargo Bank, N.A., Homeward Residential, Inc. (incorrectly sued as American Home Mortgage Servicing, Inc.), and U.S. Bank, N.A. as trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 (incorrectly sued as U.S. Bank National Association).[1] See Docket Item No. 22.

The court has reviewed the relevant documents applicable to both motions and finds them suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the

---

[1] The moving defendants will be collectively referred to as "Wells Fargo" in this Order. All named defendants will referred to as "Defendants." Defendant Mortgage Asset Securitization Transactions Inc. will be referred to as "MASTR." Defendant Centralbanc Mortgage Corporation will be referred to as "Centralbanc."

1
CASE NO. 5:12-cv-02991 EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS

hearing scheduled for September 21, 2012, will be vacated. For the reasons explained below, the Motion to Remand will be denied and the Motion to Dismiss will be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about September 21, 2006, Plaintiffs executed a promissory note and Deed of Trust for $548,000 in favor of Centralbanc to refinance real property located in Ben Lomond, California. See FAC, Docket Item No. 16, at ¶¶ 27, 28; see also Wells Fargo's Request for Judicial Not. ("RJN"), Docket Item No. 22, at Ex. A.[2] The Deed of Trust was recorded on September 29, 2006, and named First American Title as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Centralbanc and beneficiary. See RJN, Docket Item No. 22, at Ex. A.

On September 27, 2011, MERS causes to be recorded a Corporate Assignment of Deed of Trust which transferred all interest in Plaintiffs' Deed of Trust from Centralbanc to U.S. Bank National Association. See id., at Ex. B. MERS then caused to be recorded a Notice of Default on October 19, 2011, indicating that Plaintiffs had failed to make loan payments in the total amount of $9,529.91. See id., at Ex. C. A Notice of Trustee's Sale was thereafter recorded on January 6, 2012. See id., at Ex. D.

Plaintiffs commenced this action in Santa Cruz County Superior Court on April 27, 2012. See RJN, Docket Item No. 20, at Ex. A. Defendants removed the action to this court on June 11, 2012. See Not. of Removal, Docket Item No. 1. An amended complaint and these motions then followed.

## II.   THE MOTION TO REMAND

Plaintiffs argue this action must be remanded because one defendant, namely MASTR, did not consent to the removal. This is a procedural - as opposed to jurisdictional - challenge to the removal process. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). The court addresses this argument below, but first examines the basis for federal jurisdiction over this

---

[2] Both of Wells Fargo's requests for judicial notice (Docket Item Nos. 20, 22) are GRANTED. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

action.

### A. Removal Jurisdiction

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states. 28 U.S.C. §§ 1441(a), (b). It falls upon the defendant to show the basis for federal jurisdiction. Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

The Notice of Removal filed in this action relies on the presence of a federal question. See Not. of Removal, Docket Item No. 1. When that is the case, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

Here, the original complaint alleges at least six claims that arise under federal statutes, and at least three of these federal statutes allow for a private right of action. See 15 U.S.C. § 1640(a) (TILA states that "any creditor who fails to comply with any requirement imposed under this part . .

1 . with respect to any person is liable to such person."); see also 12 U.S.C. § 2605(f) (RESPA clarifies that "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure...."); see also 15 U.S.C. § 1691e(a) (The ECOA provides that "[a]ny creditor who fails to comply with any requirement imposed under this title shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class."). Based on these claims and their associated allegations, the court finds that the original complaint raised federal questions on its face such that this court may exercise removal jurisdiction over this action, and that Defendants have met their burden to prove a basis for federal jurisdiction.

### B. Procedural Challenge

In a case with multiple defendants such as this one, all defendants must join in a removal petition. Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224 (9th Cir. 2009). This is known as the "rule of unanimity." Id. at 1225. However, defendants who have not been properly served at the time the removal notice is filed are not required to join, and their consent can be subsequently obtained. Destfino v. Reiswig, 630 F.3d 952, 956-57 (9th Cir. 2011) ("All defendants who have been 'properly...served in the action' must join a petition for removal. . . . If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment."). Where, as here, a defendant seeks to file a notice of removal in which all named defendants have not joined, it must explain affirmatively the absence of the non-joining defendants. Prize Frize, Inc v. Matrix Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds, 28 U.S.C. § 1453(b), as recognized in Abrego v. Dow Chem Co., 443 F.3d 676, 681 (9th Cir. 2006). A motion challenging a removal notice on procedural grounds must be filed within 30 days of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of notice of removal under section 1446(a).").

Here, Plaintiffs are correct that the Notice of Removal is technically deficient because MASTR is no where mentioned in that document despite the requirement that this absence be

explained. Destfino, 630 F.3d at 956-57. If, as Wells Fargo contends, MASTR's consent was excused because it had not been served with the Summons and Complaint at the time the action was removed, then these circumstances should have been explained in the Notice of Removal. Indeed, Wells Fargo did note the lack of service on defendants other than MASTR in recognition of the "rule of unanimity." See Not. of Removal, Docket Item No. 1, at ¶ 2 ("Defendants Homeward Residential, Inc. . . . and U.S. Bank, N.A. have no record of receiving service of the summons and complaint as of the date this notice of removal is being filed."). In addition, it was necessary for Wells Fargo to explain that it received MASTR's consent through another defendant if it was relying on that representation to support unanimous consent.

A clear statement in the Notice of Removal could have prevented this motion altogether. But the shortcoming in jurisdictional allegations is not fatal here because they can be easily cured by amendment. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); see also Cichlids v. GTE Sprint Commc'ns Corp., 806 F. Supp. 866, 869 (N.D. Cal. 1992) ("In this circuit, as in every circuit court that has dealt with the question elsewhere, defects in form of a removal petition are amendable at any time, not just within the original 30-day period for removal. . . . This is particularly true where, as here, the requisite jurisdictional allegations are not omitted entirely, but rather are merely defective in form."). Since there is a clear basis for subject matter jurisdiction contained, the court will allow Wells Fargo the opportunity to amend the Notice of Removal to account for MASTR. Plaintiffs' Motion to Remand will therefore be denied.

### III. THE MOTION TO DISMISS

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

5
CASE NO. 5:12-cv-02991 EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS

1  cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.
2  2008). Moreover, the factual allegations "must be enough to raise a right to relief above the
3  speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

4      Claims which sound in fraud are subject to a heightened pleading standard. Fed. R. Civ.
5  Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances
6  constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule
7  9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'").
8  The allegations must be "specific enough to give defendants notice of the particular misconduct
9  which is alleged to constitute the fraud charged so that they can defend against the charge and not
10 just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.
11 1985). To that end, the allegations must contain "an account of the time, place, and specific content
12 of the false representations as well as the identities of the parties to the misrepresentations." Swartz,
13 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is
14 necessary to support other causes of action.

15     When deciding whether to grant a motion to dismiss, the court generally "may not consider
16 any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
17 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual
18 allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also
19 construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d
20 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the
21 complaint or relied upon in the complaint, and may also consider material subject to judicial notice.
22 See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly
23 submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are
24 not bound to accept as true a legal conclusion couched as a factual allegation." Id.

25     **B.    Discussion**

26     Plaintiffs concede that no private right of action exists for at least two of the causes of action
27 contained in the FAC. The court will therefore dismiss without leave to amend the fourth cause of
28 action for violation of the Graham Leach Bailey Act and the fifth cause of action for violation of

United States District Court
For the Northern District of California

1  FACTA based on that concession.  The court will also dismiss the ninth cause of action for breach of
2  fiduciary duty without leave to amend.[3]  The remaining causes of action are discussed below.

### 1. TILA

Plaintiffs have included two causes of action for violations of TILA, the first for damages and the seventh for rescission, based on Defendants' alleged failure to provide certain disclosures during the loan origination process.  Both claims are time-barred as plead.

TILA contains specific timeframes for the initiation of claims.  As relevant here, a claim for damages under TILA must be brought within one year from the date of the signing of the loan documents.  15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003).  A claim for rescission must be brought within three years of the same date. 15 U.S.C. § 1635(f).

Looking at the documents relevant to this case, Plaintiffs' finalized the loan at issue in September, 2006 as evidenced by the Deed of Trust.  See RJN, Docket Item No. 22, at Ex. A.  Thus, a timely claim for damages under TILA should have been filed no later than September, 2007, and a timely claim for rescission should have been filed no later than September, 2009.  Since Plaintiffs did not initiate this action until April 27, 2012, the request for rescission under TILA is absolutely barred because that claim cannot be equitably tolled.  See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[TILA] provides, however, that the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made.").

A request for damages under TILA, however, is only presumptively time-barred absent allegations that support an equitable exception.  15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Beach, 523 U.S. at 417-18 (discussing the "stark" difference in the limiting language of § 1640(e) and § 1635(f)).  "Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during

---

[3] The court finds that allowing for leave to amend this cause of action would be futile.  Lyons v. Bank of America, N.A., No. 11-01232, 2011 U.S. Dist. LEXIS 90499, at *22, 2011 WL 3607608 (N.D. Cal. Aug. 15, 2011) ("[T]he weight of authority holds that a lender or loan servicer owes no duty of reasonable care to a borrower.").

7
CASE NO. 5:12-cv-02991 EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS

1  the statutory period, or where the complainant has been induced or tricked by his adversary's
2  misconduct into allowing the filing deadline to pass." O'Donnell v. Vencor, Inc., 465 F. 3d 1063,
3  1068 (9th Cir. 2006) (internal quotations omitted).

4  Plaintiffs do not necessarily disagree that the damages claim is untimely, but they instead
5  attempt to invoke the doctrine of equitable tolling their opposition to the Motion to Dismiss.
6  Specifically, Plaintiffs argue that misrepresentations by Defendants prevented them from knowing
7  "that their monthly payments were going to be significantly higher than what was represented." The
8  problem with this argument, however, is that the actual allegations in the FAC do not support and
9  are insufficient to establish an equitable exception to the limitations period. See Marzan v. Bank of
10 America, 779 F. Supp. 2d 1140, 1149 (D. Haw. 2011) (citing 389 Orange St. Partners v. Arnold, 179
11 F. 3d 656, 662 (9th Cir.1999)) ("Where the basis of equitable tolling is fraudulent concealment, it
12 must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.") In
13 particular, the FAC does not contain any facts explaining why Plaintiffs had no reasonable
14 opportunity to discover the facts underlying the alleged disclosure violations or payment increase
15 within the statutory period when they were apparently able to discover the violations thereafter.
16 These facts are particularly important considering the violations alleged would be apparent from the
17 face of the loan documents or the monthly loan statements.

18 In addition, Plaintiffs do not explain how they diligently pursued a TILA claim. While
19 Plaintiffs suggest they had "[v]arious telephone and email correspondences" with at least one
20 defendant, they do not state when those communications occurred or why they occurred. See FAC,
21 Docket Item No. 16, at ¶ 31. That vague statement is the only portion of the FAC which could
22 arguably be classified as one describing some sort of diligence on Plaintiffs' part.

23 Without more, Plaintiffs have failed to support a credible claim for equitable tolling. The
24 alleged disclosure violations are not enough. Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d
25 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not
26 itself equitably toll the statute of limitations."). This is true despite the fact that "the applicability of
27 equitable tolling depends on matters outside the pleadings." Huynh v. Chase Manhattan Bank, 465
28 F.3d 992, 1003 (9th Cir. 2006). Accordingly, the first and seventh causes of action will be

dismissed, the former with leave to amend and the latter without.[4]

### 2.  RESPA

Plaintiffs allege in the second cause of action that Defendants violated § 2605 of RESPA by failing to provide them a good faith estimate disclosure. See FAC, at ¶¶ 62. But connecting the "good faith estimate" requirement with § 2605 is incongruous because that section does not require the disclosure of a good faith estimate or allow for an action based those sections that do require the disclosure of that document.   See Rodela v. Guild Mortg. Co., No. CV F 11-2126 LJO BAM2012 U.S. Dist. LEXIS 6020, at *32-33, 2012 WL 169772 (E.D. Cal. Jan. 19, 2012).  The cause of action under RESPA will be dismissed with leave to amend.

### 3.  ECOA

For the third cause of action, Plaintiffs allege that Defendants violated the ECOA by failing to provide a statement and failed to provide a "Right to a Copy of the Appraisal" during the loan process. See FAC, at ¶ 65.

This cause of action is deficiently plead for two reasons. First, the facts do not support ECOA liability against any defendant other than Centralbanc since only Centralbanc is alleged to have been involved in the origination of Plaintiffs' loan. See FAC, Docket Item No. 16, at ¶ 28. It is therefore violative of the Rule 8 pleading standard. Second, it is untimely based on the five-year statute of limitations contained in 15 U.S.C. § 1691e(f), and Plaintiffs' allegations of equitable tolling are insufficient for reasons already discussed. This claim will be dismissed with leave to

---

[4] If Plaintiffs do choose to amend this claim and any other for which leave to amend is allowed, they must distinguish which claims are asserted against which defendants and ensure that the factual allegations actually support their assertions. See Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). For the TILA claim in particular, only Centralbanc is implicated as failing to make required disclosures; additional allegations are necessary to support liability against any other defendant. Failure to conform the causes of action to the factual allegations may form the basis of a subsequent dismissal. See McHenry v. Renne, 84 F.3d 1172, 1178 (1996) ("Despite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery.").

In that same vein, counsel for Plaintiffs is reminded that he has an affirmative duty pursuant to Federal Rule of Civil Procedure 11(b)(3) to ensure that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

amend.

### 4. Quiet Title, Securitization and Chain of Title Violations

Plaintiffs allege in the sixth cause of action that Defendants lost the ability to foreclose due to the securitization of Plaintiffs' loan. See FAC, at ¶¶ 74-76. This cause of action is not based on a cognizable legal theory.

District courts have consistently rejected general theories of liability based on securitization of the underlying debt. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); Hague v. Wells Fargo Bank, N.A., No. 3:11-cv-02366-THE, 2011 U.S. Dist. LEXIS 140122, at *16, 2011 WL 6055759 (N.D. Cal. Dec. 6, 2011) ("To the extent that Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid."); Wadhwa v. Aurora Loan Servs., LLC, No. S-11-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, at *9-10, 2011 WL 2681483 (E.D. Cal. July 8, 2011), Kimball v. BAC Home Loans Servicing, LP, No. 10-CV-05670 LHK, 2011 U.S. Dist. LEXIS 17751, at *4, 2011 WL 577418 (N.D. Cal. Feb. 9, 2011); Marty v. Wells Fargo Bank, No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686, at *20-21, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ("[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice.").

Moreover, "[t]here is no legal authority that the sale or pooling of investment interests in an underlying note can relieve borrowers of their mortgage obligation or extinguish a secured party's rights to foreclose on secured property." Taylor v. CitiMortgage, Inc., 2010 U.S. Dist. LEXIS 119808, 2010 WL 4683881, at *3 (D. Utah Nov. 10, 2011); see also Rosas v. Carnegie Mortg. LLC, CV 11-7692 CAS (CWx), 2012 U.S. Dist. LEXIS 71262, at *27, 2012 WL 1865480 (C.D. Cal. May 21, 2012); see also Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 899 (D. Haw. 2011). Nor do Plaintiffs have standing to allege violations of the Pooling and Servicing Agreement which governs

United States District Court
For the Northern District of California

the securitized trust. Bernardi v. JPmorgan Chase Bank, N.A., No. 5:11-cv-04212 EJD, 2012 U.S. Dist. LEXIS 85666, at *6-7, 2012 WL 2343679 (N.D. Cal. June 20, 2012).

Plaintiffs attempt to distinguish this case from many of those cited above by arguing that "their loan was not and could not have been transferred or conveyed to Defendants, and therefore only Centralbanc can initiate nonjudicial foreclosure proceedings via notice of default." But to the extent this argument is somehow different than one based on loan securitization, it still fails because it is contrary to the plain language of the Deed of Trust. See RJN, Docket Item No. 22, at Ex. A ("The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the borrower."). Furthermore, it raises another meritless legal theory. District courts in California have consistently rejected the theory that the foreclosure process is invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps, 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *9-10, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009); Putkkuri v. Recontrust Co., 08CV1919WQH (AJB), 2009 U.S. Dist. LEXIS 32, at *5-6, 2009 WL 32567 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, 06CV0055 J(JMA), 2007 U.S. Dist. LEXIS 98068, at *25, 2007 WL 2140640 (S.D. Cal. July 23, 2007).

The court finds that allowing for amendment of this cause of action would be futile. Accordingly, it will be dismissed without leave to amend.

### 5. Fraud, Deceit and Misrepresentation

Within the eighth cause of action for claim for fraud, Plaintiffs allege that Defendants misrepresented the Annual Percentage Rate that would be charged for their loan. See FAC, at ¶ 29.

In California, the elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997). Although the court looks to state law to determine if the elements of fraud have been properly pleaded, a plaintiff must still meet the federal standard to plead fraud with particularity. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

The fraud claim is obviously incomplete. While Plaintiffs identify an alleged misrepresentation made in some form, they provide little more. Plaintiffs did not state the details of

the misrepresentation, identify which individuals for which defendant allegedly made it, indicate why that defendant knew the statement was false, or allege why Plaintiffs' reliance on the misrepresentation was justifiable.  This falls short of the standard required by Rule 9(b), and there is no basis for this requirement to be relaxed.  The allegations reveal that Plaintiffs were parties to the alleged misrepresentation and are certainly able to provide more factual allegations that what has been presented here.  This cause of action will be dismissed with leave to amend.

### 6. Declaratory Relief and Injunctive Relief

A review of the tenth cause of action for declaratory relief and the and twelfth cause of action for injunctive relief reveals that Plaintiffs have not plead viable causes of action, but rather have included various aspects of the relief sought by way of this case.  In addition, Plaintiffs have failed to state a viable controversy for the declaratory relief claim since it is based solely on Defendant's ability to foreclose.  See Loder v. World Savings Bank, N.A., No. C11-00053 THE, 2011 U.S. Dist. LEXIS 53166, at *21-22, 2011 WL 1884733 (N.D. Cal. May 18, 2011) (citing Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942)).  These causes of action will be dismissed without leave to amend.

### 7. Cancel Instruments

Based on the allegations in the FAC, the eleventh cause of action for cancellation of instruments relies on the prior causes of action to be viable.  See FAC, at ¶ 104.  Since all other causes of action will be dismissed, this cause of action will also be dismissed with leave to amend.

## IV.   ORDER

Based on the foregoing, the hearing scheduled for September 21, 2012, is VACATED.

Plaintiffs' Motion to Remand (Docket Item No. 11) is DENIED.  Defendants shall file an amended Notice of Removal consistent with the discussion above on or before **September 28, 2012**.

Wells Fargo's Motion to Dismiss (Docket Item No. 22) is GRANTED.  The first, second, third, eighth, and eleventh causes of action are DISMISSED WITH LEAVE TO AMEND.  The fourth, fifth, sixth, seventh, ninth, tenth and twelfth causes of action are DISMISSED WITHOUT LEAVE TO AMEND.

1  Any amended complaint must be filed on or before **October 9, 2012.**  Plaintiffs are advised
2  that they may not add new claims or parties without first obtaining Defendants' consent or leave of
3  court pursuant to Federal Rule of Civil Procedure 15.  Plaintiffs are further advised that failure to file
4  a timely amended complaint or failure to amend the complaint in a manner consistent with this
5  Order may result in dismissal of this action.

6  **IT IS SO ORDERED.**

8  Dated:  September 18, 2012



EDWARD J. DAVILA
United States District Judge