United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RANDY IRELAND, et. al.,<br><br>Plaintiff(s),<br>v.<br><br>CENTRALBANC MORTGAGE CORPORATION, et. al.,<br><br>Defendant(s). | CASE NO. 5:12-cv-02991 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE**<br><br>[Docket Item No(s). 38] |

## I. INTRODUCTION

In this action related to the foreclosure of real property, Plaintiffs Randy Ireland and Sue Ireland ("Plaintiffs") executed a promissory note and deed of trust in favor of Defendant Centralbanc Mortgage Corporation ("Centralbanc") on or about September 21, 2006, in the amount of $548,000 in order to purchase property located in Ben Lomond, California. See SAC, Docket Item No. 35, at ¶ 40; see also Defs.' Req. for Judicial Not. ("RJN"), Docket Item No. 39, at Ex. A.[1] After Plaintiffs defaulted on their payment obligations under the deed of trust, a Notice of Default was recorded and the property became subject to a foreclosure sale. See SAC, at ¶ 56; see also RJN,

---

[1] Defendants' Request for Judicial Notice (Docket Item No. 39) is GRANTED. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

1
CASE NO. 5:12-cv-02991 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE

at Exs. B, C. The property has not yet been sold. See SAC, at ¶ 70.

Plaintiffs commenced this action in Santa Cruz County Superior Court on April 27, 2012. See RJN, Docket Item No. 20, at Ex. A. Defendants Wells Fargo Bank, N.A., Homeward Residential, Inc. (incorrectly sued as American Home Mortgage Servicing, Inc.), and U.S. Bank, N.A. as trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 (incorrectly sued as U.S. Bank National Association) ("Defendants") removed the action to this court on June 11, 2012. See Not. of Removal, Docket Item No. 1. Plaintiffs filed the SAC on October 9, 2012, after the court granted Defendants' first motion to dismiss.

Presently before the court is Defendants' Motion to Dismiss the SAC. See Docket Item No. 38. Plaintiffs have filed written opposition to the motion. See Docket Item No. 40. Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1367. See Am. Not. of Removal, Docket Item No. 27. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for December 7, 2012, will be vacated. Defendants' motion will be granted as to the remaining federal claims and the remainder of this case will be remanded to the superior court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Claims which sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

**A. First Cause of Action: Truth in Lending Act ("TILA")**

Plaintiffs again allege that Centralbanc violated TILA by failing to provide certain disclosures during the loan origination process. The court previously dismissed this cause of action for damages under TILA because it was untimely as plead. Leave to amend was granted, however, in order for Plaintiffs to provide additional factual information establishing equitable tolling.

As in the prior order, the court begins this discussion by noting why Plaintiffs' TILA claim is presumptively time-barred. A claim for damages under TILA must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg.

3
CASE NO. 5:12-cv-02991 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE

Co., 342 F.3d 899, 902 (9th Cir. 2003). Here, Plaintiffs' finalized the loan at issue in September, 2006. See SAC, at ¶ 40; see also RJN, at Ex. A. Thus, a timely claim for damages under TILA should have been filed no later than September, 2007. Since Plaintiffs did not initiate this action until April 27, 2012, this claim is barred by the statute of limitations absent a basis for the application of equitable tolling. 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-18 (1998) (discussing the "stark" difference in the limiting language of § 1640(e) and § 1635(f)).

In their amended pleading, Plaintiffs have included additional allegations in support of an equitable exception to the statute of limitations. Plaintiffs now contend they had "no reasonable opportunity" to discover the alleged TILA violations because of the complicated nature of their loan. See SAC, at ¶ 74. Plaintiffs also allege they contacted Centralbanc at some point about their loan and were told "the terms were as they had discussed and that references to the APR were 'fees' rather than the actual APR for Plaintiffs' loan." See id. According to Plaintiffs, they were only able to discover the problems with their loan after it was reviewed by a financial specialist. See id. at ¶ 75.

When, as here, equitable tolling is based on a theory of fraudulent misrepresentation, it must be plead according to the heightened pleading standard contained in Rule 9(b). See Marzan v. Bank of America, 779 F. Supp. 2d 1140, 1149 (D. Haw. 2011) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 662 (9th Cir. 1999)) ("Where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure."). Based primarily on this requirement, other district courts have found insufficient allegations similar to those asserted by Plaintiffs in the SAC. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1100 (E.D. Cal. 2010) ("Plaintiffs simply assert that they were unable to discover defendants' TILA violations until two weeks before the filing of the FAC because defendants 'fraudulently concealed those violations . . . .' . . . This conclusory allegation is insufficient to establish the necessity for equitable tolling under even the pleading standards of Federal Rule of Civil Procedure 8(a)."); Ohlendorf v. Am. Brokers Conduit, No. CIV. S-11-293 LKK/EFB, 2012 U.S. Dist. LEXIS 28862, at *21-22, 2012 WL 718682 (E.D. Cal. Mar 5, 2012); McGuire v.

4
CASE NO. 5:12-cv-02991 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE

Reconstrust Co., N.A., No. CIV S-11-2787 KJM-CKD, 2012 U.S. Dist. LEXIS 141874, at *18, 2012 WL 4510675 (E.D. Cal. Sept. 30, 2012) ("This court has previously followed Lane by holding that an unsupported assertion that defendants' alleged fraud prevented a plaintiff from being able to discover a TILA violation did not justify equitable tolling.").

Under Rule 9(b), Plaintiffs' additional allegations are still not enough to allow this claim to proceed. Despite being previously informed of the deficiency in their pleading, Plaintiffs have not explained with sufficient detail why they had no reasonable opportunity to discover the facts underlying the alleged disclosure violations or payment increase within the statutory period, especially when other allegations suggest they had become suspicious of their loan terms long before this action was filed. See SAC, at ¶ 53 ("Once Plaintiffs began receiving bills far in excess of both what they were told their payments would be and what they could afford to pay, they began to contact Defendants to discover why their bills were constantly changing."). In addition, Plaintiffs have not adequately explained how the TILA claim was diligently pursued with anything more than vague allegations.

Since the mere presence of disclosure violations cannot constitute a basis for equitable tolling without more, the court must find that Plaintiffs have failed to state a claim for damages under TILA. Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."). While the applicability of equitable tolling often depends on matters outside the pleadings, it is apparent that dismissal is appropriate when a plaintiff fails to allege sufficient facts to raise it. See Meyer, 342 F.3d at 902-03 (9th Cir. 2003); see also Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996). Such is the case here. Accordingly, the first cause of action will be dismissed, this time without leave to amend, as allowing for further amendment under the circumstances would be futile. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

**B.     Second Cause of Action: Real Estate Settlement Procedures Act ("RESPA")**

Plaintiffs allege that all Defendants violated 12 U.S.C. § 2605 by failing to inform them of the "numerous assignments, sales, or transfers of the servicing of their loan." See SAC, at ¶ 80. RESPA provides that "[e]ach servicer of any federally related mortgage loan shall notify the

borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person" and that "[d]uring the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower." 12 U.S.C. § 2605(b)(1) & (d). A "servicer" for the purposes of RESPA is "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2).

This cause of action fails for two primary reasons. First, Plaintiffs have not supported the RESPA claim with any factual allegations. As such, this case is almost identical to Delino v. Platinum Cmty. Bank, 628 F. Supp. 2d 1226, 1232 (S.D. Cal. 2009): "Plaintiff does not allege when any such alleged transfer took place, what entities were involved in such transfer and therefore had the duty to notify, or when the alleged late fee was assessed against Plaintiff." Nor have Plaintiffs identified the damages sustained as a result of the alleged violations of § 2605. Indeed, Plaintiffs could have easily determined these missing facts - who was servicing their mortgage and their damages as a result of any assignment - without resorting to an extensive amount of research. But based on the fact that Plaintiffs made virtually no effort to provide factual enhancement, and considering Plaintiffs have completely changed their theory of liability in the SAC, the court must conclude that this cause of action cannot is unsupportable.

Second, without knowing if any transfers or assignments occurred subsequent to the signing of the loan documents, this cause of action is barred by the statute of limitations. See Patague v. Wells Fargo Bank, N.A., No. 10-03460, 2010 U.S. Dist. LEXIS 124980, at *9-10, 2010 WL 4695480 (N.D. Cal. Nov. 5, 2010) ("The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. § 2605 and one year for violations of § 2607 or 2608 'from the date of the occurrence of the violation[.]'"). Again, the loan transaction at issue here, which is the only significant date revealed by the SAC, took place in September, 2006. From that date, a timely claim under § 2605 should have been filed in or before September, 2009, and the equitable tolling allegations contained in the SAC are rejected for this claim for the same reasons discussed under the TILA claim.

Due to the extent of the deficiencies in Plaintiffs' second attempt to plead a viable RESPA

6
CASE NO. 5:12-cv-02991 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE

1  claim, this cause of action will be dismissed without leave to amend because allowing for further
2  amendment would be futile.

   **C.      Third Cause of Action: Equal Credit Opportunity Act ("ECOA")**

4  Plaintiffs allege that Centralbanc violated the ECOA by failing to accurately disclose the
5  annual percentage rate applicable to their loan. In their opposition to this motion, Plaintiffs clarify
6  that this cause of action applies to the original loan documentation executed in 2006.

7  The court previously dismissed this cause of action as barred by the five-year statute of
8  limitations provided by 15 U.S.C. § 1691e(f). With Plaintiffs' clarification, it is still untimely and
9  the insufficient allegations of equitable tolling cannot preserve it for reasons already discussed.
10 Thus, this claim will be dismissed without leave to amend because allowing for further amendment
11 would be futile.

   **D.      Supplemental Jurisdiction**

13 The result above raises the issue of continuing federal jurisdiction since this action was
14 removed due to the presence of a federal question. See Am. Not. of Removal, Docket Item No. 27.
15 The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising
16 federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah
17 Servs., Inc., 545 U.S. 546, 552 (2005).

18 "[O]nce a court has original jurisdiction over some claims in the action, it may exercise
19 supplemental jurisdiction over additional claims that are part of the same case or controversy." Id.
20 However, a district court may properly decline to exercise supplemental jurisdiction over state-law
21 claims if such claims "substantially predominate[] over the claim or claims over which the district
22 court has original jurisdiction" or the court "has dismissed all claims over which it has original
23 jurisdiction." 28 U.S.C. § 1367(c).

24 Having determined that Plaintiffs three federal claims should be dismissed without leave to
25 amend, all that remains are causes of action based in state law. As such, the court finds that
26 state-law issues substantially predominate at this point and declines to exercise supplemental
27 jurisdiction over those remaining claims. This case will therefore be remanded to the state court
28 from which it originated.

7
CASE NO. 5:12-cv-02991 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE

## IV. ORDER

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED. The first, second and third causes of action are DISMISSED WITHOUT LEAVE TO AMEND. The hearing scheduled for December 7, 2012, is VACATED.

Since that result leaves this court without jurisdiction over the remaining causes of action, this case is REMANDED to Santa Cruz County Superior Court. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 4, 2012



EDWARD J. DAVILA
United States District Judge